*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSIE VERNICE MANN,

        Plaintiff-Appellant,

v

WALMART STORES EAST LP, and
MARCELLIUS GAYLOR,

        Defendants-Appellees.

UNPUBLISHED
October 13, 2022

No. 357123
Macomb Circuit Court
LC No. 2020-000695-NO

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Susie Vernice Mann was shopping at a Walmart store when she brought items to the self-checkout kiosk to purchase. Marcellius Gaylor was working as a "loss prevention officer" for that Walmart store at that time, and he contacted the police when he witnessed Mann passing the last point of sale with items for which she had not paid. The police charged Mann with retail fraud, but that charge was later dismissed. Mann then claimed that Gaylor and Walmart acted maliciously to prosecute her and that they abused the legal process. The trial court dismissed Mann's claims by granting Gaylor and Walmart summary disposition. We affirm.

Even though Mann successfully scanned and paid for multiple items at the self-checkout kiosk, she claims that three knit-dresses, 12 packages of ramen, and one package of dish clothes did not scan into the system properly. After escorting Mann to the loss prevention office, Gaylor confirmed that Mann had not paid for those items with a total value of $37.69. Gaylor completed a loss-prevention report and submitted it to the Warren Police Department.

Detective David Huffman was assigned to the claim, and after reviewing Gaylor's report he submitted a warrant request to the Warren City Attorney. The warrant request was authorized, and plaintiff was arrested on the charge of retail fraud, MCL 750.356d(4). Hearing dates were scheduled and Gaylor was subpoenaed as a witness for the prosecutor. Mann's charge was dismissed without prejudice when Gaylor did not receive the subpoena and failed to appear.

Mann then alleged that Walmart and Gaylor had maliciously prosecuted her and abused the legal process, because they left out exculpatory facts from the loss-prevention report. Namely,

-1-

the report did not include that Mann had paid for other items and that she had also paid off her credit card while at the store. The trial court granted summary disposition under to MCR 2.116(C)(10), to both Walmart and Gaylor, stating that there was no genuine issue of material fact that Walmart and Gaylor had probable cause for their actions and that Mann had conceded that they did not abuse the legal process.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). This Court reviews a motion brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632.

Our Supreme Court, in *Matthews v Blue Cross and Blue Shield of Michigan*, 456 Mich 365, 378; 572 NW2d 603 (1998), stated that for a malicious prosecution action:

> The plaintiff has the burden of proving (1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecutor lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice.

It is undisputed that Mann's criminal proceedings terminated in her favor, but Mann failed to establish any of the other elements of malicious prosecution. Mann's arguments focus on the omissions in the loss-prevention report and how those omissions purportedly initiated the prosecution, show that there was no probable cause, and demonstrate malice. Mann ignores, however, the fact that the detective said that the warrant request would have gone for authorization even if Mann's denial of criminal intent was in the loss-prevention report. Further, our Supreme Court has made clear that "the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." *Id*. at 384.

Nevertheless, even assuming that the submission of the loss-prevention report initiated prosecution, Gaylor and Walmart had probable cause to infer that Mann was attempting to commit retail fraud. "A person may have probable cause for making a criminal complaint from information received from others merely." *Id*. at 388. "But a man's mere belief that another is guilty is not probable cause, unless that belief is founded upon reasonable grounds of suspicion, or upon information of such a reliable kind, and from such reliable sources…such as would induce an impartial and reasonable mind to believe in the guilt of the accused." *Id*.

This Court explained that "a person 'steals' property, as the term 'steals' is used in . . .MCL 750.356d(4)(b), when he or she takes and moves store property with the intent to steal the property." *People v Kenny*, 332 Mich App 394, 399; 956 NW2d 562 (2020). The person does not need to leave the store, but merely have an intent to keep the items unlawfully. See *id*. In this

case, Gaylor's observations of Mann, including that Mann had passed the last point of sale without paying for some items, provided him with probable cause that Mann had intended to keep items unlawfully for which she had not paid.

Further, Mann's argument regarding malice is without merit. While malice may be inferred from a lack of probable cause, *Matthews*, 456 Mich at 378 n 15, there was probable cause in this case, and Mann fails to demonstrate any other action of malice beyond a purported lack of probable cause. Although Mann argues that the omissions in the report demonstrate her malicious-prosecution claim, "[f]ailure to include all exculpatory facts is not adequate to sustain a suit for malicious prosecution." *Payton v City of Detroit*, 211 Mich App 375, 395; 536 NW2d 233 (1995).

Lastly, Mann argues that Gaylor and Walmart abused the legal process. "To recover upon a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v Dozorc*, 412 Mich 1, 30; 312 NW2d 585 (1981). An "action for abuse of process lies for the improper use of process after it has been issued, not for maliciously causing it to issue." *Id*. at 31.

There is no need to consider whether Mann sufficiently alleged that there was an ulterior purpose because neither Gaylor nor Walmart took any action after the prosecution was initiated. Notably, it was Gaylor's lack of response to the subpoena that caused Mann's criminal charge to be dismissed. Therefore, neither defendant committed an irregular action in the criminal process because neither defendant took any action in the criminal process.

Affirmed. Gaylor and Walmart, as the prevailing parties, may tax costs under MCR 7.219.


/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford

-3-